Mark C. Goodman (Bar No. 154692)
mark.goodman@bakermckenzie.com
William I. Abramovitz (Bar No. 319385)
william.abramovitz@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Telephone:  415.576.3000
Facsimile:  415.576.3099

Attorneys for Plaintiff
LOGTALE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation,<br><br>          Plaintiff,<br>     v.<br><br>JAMES CANTON, a California resident, GAYLE CANTON, a California resident, and THE INSTITUTE FOR GLOBAL FUTURES, a Nevada corporation<br><br>          Defendants. | Case No. 3:20-cv-1207<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Plaintiff Logtale, Ltd., by its attorneys, Baker & McKenzie LLP, hereby files this Complaint for Avoidance and Recovery of Voidable Transaction against defendants James Canton, Gayle Canton and The Institute for Global Futures ("IGF") and in support alleges that:

## NATURE OF THE ACTION

1. This Complaint arises out of defendants Jaime (James) Martin Canton and Gayle Allison Canton's fraudulent scheme to foreclose Logtale's right and ability to enforce a judgment awarded by this Court against James Canton pursuant to a jury verdict (the "Jury Verdict") in the amount of $2,083,334, plus post-judgment interest, in the action styled *Logtale, Ltd. v. IKOR, Inc.*, *et al.,* United States District Court for the Northern District of California, Case No. 3:11-CV-05452-EDL (the "Underlying Action"). A true and correct copy of the Jury Verdict is attached hereto as **Exhibit A**.

2. On May 27, 2016, two months after the Court entered a $4,277,668.60 judgment for Logtale in the Underlying Action, the Cantons executed and filed a Marital Settlement Agreement (the "MSA") transferring the majority of James Canton's assets and interest in community property to his now ex-wife, Gayle Canton, that rendered him insolvent and unable to pay any amount of the judgment against him that was owed to Logtale. The Cantons' divorce and the MSA were concocted and specifically structured to avoid enforcement of the judgment against James Canton's assets. While James Canton retained ownership and control over his business and employer, defendant IGF, the MSA provided for spousal support payments to Gayle Canton that were designed to divert his income and shield his assets from garnishment for payment of the judgment. Interestingly, immediately after addressing the property division between former husband and wife, the MSA references the Underlying Action, expressly stating that "[t]he Court ordered judgment in favor of Plaintiff Logtale" in the amount of $1.6 million and that James Canton and Gayle Canton, who were married at the time that the Jury Verdict was rendered, "agree that husband [James Canton] shall be solely liable" for the judgment and all legal fees relating to the Underlying Action. A true and correct copy of the MSA is attached hereto as **Exhibit B**. The judgment in the Underlying Action remains unsatisfied, other than nominal sums collected through levies, despite Logtale's extensive efforts to try to collect the judgment.

2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

3. On March 30, 2017, Logtale conducted a judgment debtor examination of James Canton during which Mr. Canton confirmed that he had transferred the "vast majority of the value of [his] community property" to Gayle Canton as part of their divorce, including, in part, his interest in a home in Mill Valley, California that he testified was worth approximately $2.2 million to $2.4 million and two accounts worth at least $1.1 million in cash at the time of James Canton's divorce. He also testified that the Underlying Action and the judgment had a "huge impact" in terms of the defendants' divorce. He further testified that he visits his (now) ex-wife's home "every couple of days." A true and correct copy of excerpts from the transcript of James Canton's March 30, 2017 judgment debtor examination is attached hereto as **Exhibit C**.

4. Notwithstanding the Cantons' purported "irreconcilable differences" that resulted in their divorce after the Jury Verdict was rendered, Gayle Canton's website advertising her psychotherapist services as a licensed Marriage and Family Therapist lists her business address as 2084 Union Street, San Francisco, CA, the same address as James Canton's IGF.[1] In addition to the significant spousal support payments that are designed to shield his income from garnishment, Gayle Canton receives a salary from James Canton as an employee of IGF after their divorce.

5. Defendants' immediate transfer of assets after the Jury Verdict was not mere happenstance. The defendants' transfer was made with the specific purpose and intent to prevent Logtale from recovering on the judgment in the Underlying Action while unjustly enriching both James Canton and Gayle Canton. This fraudulent transfer should be avoided so that Logtale can finally recover the millions of dollars to which it is legally entitled from James Canton.

## THE PARTIES

6. Logtale is a British Virgin Islands investment holding company with its principal place of business at 17th Floor, Chevalier Commercial Centre, 8 Wang Hoi Road, Kowloon Bay, Hong Kong. Logtale is the sole prevailing party by entry of judgment in the Underlying Action.

7. Defendant James Canton is the owner and an employee of IGF. On information and belief, James Canton is a resident of California.

---

[1] https://gaylecanton.com/about-us (last visited Dec. 2, 2019).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

8. On information and belief, defendant Gayle Canton is a resident of California and an employee of IGF.

9. On information and belief, defendant IGF is a Nevada corporation with its principal place of business in San Francisco, California. According to IGF's website, at all relevant times it was "a San Francisco based think tank that offers business strategy and forecasts about leading-edge innovations and trends . . . founded by Dr. James Canton; noted futurist, author and digital entrepreneur."[2] IGF's business address is 2084 Union Street, San Francisco, California.

10. At all relevant times, IGF was the alter ego of James Canton. On information and belief, James Canton is the Chief Executive Officer, Secretary, Director, President and Treasurer of IGF, its registered agent for service of process in California and IGF's sole member. James Canton uses IGF's corporate form to hold his remaining assets out of the reach of creditors and to control those assets for his benefit. James Canton and IGF share a unity of interest such that failure to disregard their separate entities would result in fraud and/or injustice.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Logtale and each of the defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over James Canton because he resides in California.

13. This Court has personal jurisdiction over Gayle Canton because she resides in California.

14. This Court has personal jurisdiction over IGF because its principal place of business is in San Francisco, California.

15. Venue is appropriate in the Northern District of California because James Canton's and Gayle Canton's residences are in Marin County, California; IGF's principal place of business is in San Francisco County, California; the wrongful acts alleged herein were initiated and carried out

---

[2] https://globalfuturist.com/about (last visited Dec. 2, 2019).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

by the defendants through acts and communications initiated in Marin County, California; and a substantial part of the property subject to this action is situated in Marin County and/or San Francisco County, California.

## GENERAL ALLEGATIONS

16. On November 9, 2011, Logtale filed the Underlying Action, which arose from a $5 million investment that Logtale made in 2006 in a private company, IKOR, Inc., in reliance on claims made by its founders, including James Canton, that IKOR had developed a new and widely marketable pharmaceutical product. Logtale lost its $5 million investment after IKOR and its founders mishandled the investment, including by using it to fund a competing business that the founders owned and failed to disclose to Logtale. Logtale brought suit seeking injunctive relief and damages for breach of contract, breach of fiduciary duties and breach of the implied covenant of good faith and fair dealing.

17. On March 25, 2016, after striking the punitive damages awarded by the Jury Verdict, the Court issued a judgment (the "Initial Judgment") against each of the defendants in the Underlying Action. The Initial Judgment provided that James Canton was liable for compensatory damages, plus post-judgment interest, in the amount of $1,333,334 for breach of contract and breach of fiduciary duty. A true and correct copy of the Initial Judgment is attached hereto as **Exhibit D**.

18. On or around April 11, 2016, approximately three weeks after the Court entered the Initial Judgment, the Cantons separated and subsequently filed for divorce on May 27, 2016, the same date on which they filed the MSA.

19. On May 27, 2016, after the Court had entered the Initial Judgment but before any appeals were filed in the Underlying Action, unbeknownst to Logtale, the Cantons, in order to prevent the recovery of the judgment by Logtale, transferred virtually all of James Canton's assets by executing and filing the MSA. (*See* **Exhibit B**.) The MSA also provided for a $6,600 monthly spousal support payment to Gayle Canton "until Wife's remarriage, either Party's death, of further order of the Court." (*Id.*) According to the MSA and James Canton's sworn testimony, the MSA purportedly transmuted James Canton's interest in community property and awarded to Gayle Canton, as her "sole and separate property," virtually all of James Canton's assets, including:

5

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

- "Real Property located at 488 Green Glen Way, Mill Valley, CA 94941," and all furniture, art and other property within the home, with a market value of approximately $2.2 million to $2.4 million at the time;
- A "Charles Schwab Canton Defined Benefit Pension Plan account ending in x0800" worth approximately between $500,000 and $600,000 at the time;
- A "Charles Schwab James and Gayle Canton Profit Sharing Plan ending in x7975 with current balance of $676,054" at the time;
- A Charles Schwab account ending in x4034;
- Two Bank of America Accounts ending in x5928 and x9156;
- A "Cabo Time Share;"
- A "Charles Schwab SEP IRA x4435 in Wife's sole name;"
- A "Charles Schwab Money Purchase account x4049 in Wife's sole name;" and
- "One-half the balance of the attorney trust account held by Matt Shier."

(*See* Exs. B and C.)

20. In return, the MSA awarded to James Canton, as "his sole and separate property," assets of significantly lesser value than those awarded to Gayle Canton, including, in addition to control over and income from IGF:

- Two Bank of America accounts associated with the IGF, including a business checking account ending in x8210 and a business savings account ending in x0924;
- Two Bank of America Accounts ending in x2722 and x5105;
- "Any and all investments made with funds withdrawn from the Charles Schwab James and Gayle Canton Defined Benefit Pension Plan account x0800 or Charles Schwab James and Gayle Canton Profit Sharing Plan x7975 prior to the date of separation of April 11, 2016 and tax liability related to said funds and investments;"
- 1 million shares of 1-800-Commerce; and
- "One-half the balance of the attorney trust account held by Matt Shier[.]"

(*See* Ex. B.)

6

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

21. Defendants knew and intended, as Logtale subsequently discovered during the process of its judgment enforcement efforts against James Canton, that the assets awarded to James Canton through the MSA would render James Canton insolvent and unable to pay the judgment award to Logtale in the Underlying Action.

22. On August 31, 2018, the Ninth Circuit Court of Appeals issued a Memorandum of Decision finalizing the judgment in the Underlying Action by reinstating the punitive damages against James Canton and upholding all compensatory damages awarded as part of the Jury Verdict.[3] The Court of Appeals' memorandum decision provides that James Canton's liability for the total judgment individually attributable to him is $2,083,334, including $1,333,334 in compensatory damages and $750,000 in punitive damages, plus post-judgment interest. A true and correct copy of the Ninth Circuit's memorandum opinion and order is attached hereto as **Exhibit E**. The total amount of the judgment against James Canton from the Underlying Action, plus all post-judgment interest, is currently due from James Canton and owed to Logtale.

23. The MSA purposefully awarded James Canton only minimal assets relative to the value of the assets that James Canton actually owned and that were conveyed to Gayle Canton out of the marital estate as her "sole and separate property," with the intent and purpose to shield the vast bulk of the Cantons' assets from payment of the judgment owed to Logtale in the Underlying Action. Nevertheless, Logtale attempted to collect on the judgment that was owed to it.

24. On April 23, 2019, the Court issued Writs of Execution against James Canton in the counties of Marin, San Francisco and Los Angeles, California.

25. On June 24, 2017, Bank of America returned a Memorandum of Garnishee in response to the Los Angeles County Writ of Execution, listing $94.17 as the total property in its control belonging to James Canton. This $94.17 amount was Logtale's total return from all three

---

[3] Although the Court did not issue a separate final judgment incorporating the Ninth Circuit's reinstatement of punitive damages, no other orders or judgments have been issued since the Memorandum modifying the Initial Judgment against any of the defendants in the Underlying Action and counsel for James Canton has acknowledged that "the correct amount of judgment against Dr. Canton is $2,083,334.00." *See Logtale, Ltd. v. IKOR, Inc. and James Canton*, case No. 3:11-CV-05452-EDL, Dkt. 695 at ¶2.

7

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

1  Writs of Execution against James Canton because, allegedly, those were all of the funds in Canton's
2  name against which the Writs could be executed.
3      26.    On June 5, 2019, the Court issued an Earnings Withholding Order in Logtale's favor
4  to James Canton's business and employer, the IGF.
5      27.    On July 11, 2019, James Canton filed a Claim of Exemption from the Earnings
6  Withholding Order and, on August 27, 2019, filed a memorandum in support of his claimed
7  exemption arguing that "[Logtale] is not entitled to garnish even a cent of Dr. Canton's wages"
8  because of a previously existing Earnings Assignment Order For Spousal Support in favor of Gayle
9  Canton "that takes priority over [Logtale's] attempted wage garnishment . . . in the monthly amount
10 of $6,600 . . .[that leaves] nothing left for [Logtale] to garnish."  A true and correct copy of James
11 Canton's August 27, 2019 memorandum is attached hereto as **Exhibit F**.
12     28.    In light of the fact that the MSA and subsequent transfer left virtually no wages for
13 Logtale to garnish to satisfy its judgment against James Canton, on September 3, 2019, the Court
14 issued a ruling on James Canton's claim of exemption to wage garnishment ordering IGF to pay
15 Logtale just $250 per month after accounting for his monthly income, expenses and $6,600 in
16 alleged spousal support.  A true and correct copy of the Court's September 3, 2019 order is attached
17 hereto as **Exhibit G.**
18     29.    Logtale's efforts to enforce the judgment in the Underlying Action have resulted in a
19 one-time payment of $94.17 and a $250.00 monthly wage garnishment toward payment of James
20 Canton's $2,083,334 judgment.  At the current rate, James Canton will never satisfy the judgment
21 against him in the Underlying Action, as the amount of post-judgment interest alone exceeds the
22 monthly garnishments.
23     30.    Defendants' transfer of virtually all of James Canton's assets to Gayle Canton just
24 weeks after the Court entered the Initial Judgment against him must be voided.  Logtale seeks the
25 Court's assistance to undo the transfer so that Logtale can collect the judgment and finally receive
26 recompense for the injury caused by James Canton, injury first incurred more than a decade ago and
27 that continues to this day.
28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

8

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

# FIRST CLAIM FOR RELIEF
### (For Avoidance and Recovery of Intentional Fraudulent Transfer and Other Relief, Cal. Civil Code § 3439.04(a)(1))
### (Against All Defendants)

31. Logtale realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 30, inclusive, as though set forth in full herein.

32. The transfer from James Canton to Gayle Canton was made to an insider because the transfer was planned after the Jury Verdict and Initial Judgment, at which point Gayle Canton was James Canton's spouse, and because Gayle Canton and James Canton concurrently filed the transfer instrument (Exhibit B) with their Judgment for Dissolution of Marriage.

33. The transfer occurred after Logtale filed a lawsuit against James Canton.

34. The transfer occurred after a substantial debt was incurred by James Canton by way of the Jury Verdict and Initial Judgment in the Underlying Action.

35. The transfer was of substantially all of James Canton's material assets.

36. James Canton was insolvent or was rendered insolvent by virtue of the transfer because the sum of James Canton's debts were greater than his assets as a result of the transfer.

37. The transfer was made with the intent and purpose to hinder, delay or entirely prevent Logtale's recovery of the judgment.  To date, Logtale has not recovered anything close to the amount of the judgment owed by James Canton and, as things currently stand, Logtale will never recover the amount of the judgment.

38. James Canton received less than reasonably equivalent value in exchange for the transfer, as the assets conveyed to Gayle Canton as her sole and separate property were worth several million dollars at the time of the transfer and Logtale's judgment enforcement efforts revealed a total of $94.17 in James Canton's possession after the transfer.

39. Logtale has been damaged by the conduct of the defendants because it has been unable to recover on the judgment award that is owed to it in the Underlying Action and by having to incur costs and expenses in pursuing enforcement against James Canton, including the cost and expense of seeking relief in this action and instituting judgment enforcement proceedings in Los Angeles, San Francisco and Marin counties, which expense and effort would have been unnecessary

9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

had James Canton not completed the fraudulent transfer, and by the loss of use of funds that Logtale would have obtained but for the transfer by the defendants.

40. Because of the foregoing, Logtale is entitled to set aside the transfer pursuant to California Civil Code sections 3439 *et seq.* and as against public policy pursuant to California Penal Code section 154.

**SECOND CLAIM FOR RELIEF**
(For Avoidance and Recovery of Constructive Fraudulent Transfer and Other Relief, Cal. Civil Code § 3439.05(a))
(Against All Defendants)

41. Logtale realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 40, inclusive, as though set forth in full herein.

42. The transfer conveyed James Canton's interest in the vast majority of his material assets and community property to Gayle Canton as her sole and separate property and shielded those assets from being used to pay the judgment in the Underlying Action.

43. Logtale's claim as judgment creditor arose before the transfer occurred and that claim was the reason that the transfer was planned and executed by the defendants.

44. James Canton received less than reasonably equivalent value in exchange for the transfer, as the assets conveyed to Gayle Canton as her sole and separate property were worth several million dollars at the time of the transfer and Logtale's judgment enforcement efforts revealed a total of $94.17 in James Canton's possession after the transfer.

45. James Canton was insolvent or was rendered insolvent as a result of the transfer because the sum of James Canton's debts were greater than his assets as a result of the transfer.

46. Logtale has been damaged by the transfer by being unable to recover on the judgment awarded to it in the Underlying Action and by having to incur costs and expenses in pursuing enforcement against James Canton, including the cost and expense of seeking relief in this action and instituting judgment enforcement proceedings in Los Angeles, San Francisco and Marin counties, which expense and effort would have been unnecessary had James Canton not completed the fraudulent transfer, and by the loss of use of funds that Logtale would have obtained but for the transfer by the defendants.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

47. Because of the foregoing, Logtale is entitled to set aside the transfer pursuant to California Civil Code sections 3439 *et seq.* and as against public policy pursuant to California Penal Code section 154.

## THIRD CLAIM FOR RELIEF
### (For Common Law Fraudulent Conveyance)
### (Against All Defendants)

48. Logtale realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 47, inclusive, as though set forth in full herein.

49. Defendants are liable for common law fraudulent conveyance as a result of deliberately engaging in a scheme to transfer James Canton's personal assets to Gayle Canton to shield assets from collection in satisfaction of the judgment award in the Underlying Action, which assets would otherwise be subject to collection under California law, and by transmuting James Canton's separate property and/or community property into Gayle Canton's separate property.

50. As a result of the conduct by the defendants alleged herein, Logtale has suffered damages and is likely to suffer additional damages in the future. Logtale is being hindered in and/or completely prevented from recovering the judgment this Court awarded in the Underlying Action because of the Jury Verdict. Logtale is further incurring, among other things, the loss of use of funds Logtale should have recovered to date and the fees, costs and other expenses incurred in contesting the defendants' misconduct.

51. Defendants have acted with fraud, malice and oppression with regard to Logtale though the planning and execution of the transfer and through James Canton's ongoing refusal to satisfy the judgment in the Underlying Action.

52. Because of the foregoing, Logtale is entitled to set aside the transfer pursuant to California law and as against public policy pursuant to California Penal Code section 154.

## FOURTH CLAIM FOR RELIEF
### (Conspiracy)
### (Against All Defendants)

53. Logtale realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 52, inclusive, as though set forth in full herein.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

54. At the time of the Jury Verdict and at all times thereafter, the defendants agreed and knowingly and willfully conspired between themselves to delay, hinder or defraud Logtale in the collection of Logtale's claim against James Canton after the Court entered the Initial Judgment in the Underlying Action and to prevent Logtale's satisfaction of that judgment.

55. Pursuant to this conspiracy, the defendants agreed that James Canton should convey his interest in the "vast majority" of the community estate with the intent and purpose to keep assets out of Logtale's reach and to prevent those assets from being used to satisfy the judgment owed to Logtale in the Underlying Action. Defendants' conspiracy and transfer has accomplished the intended purpose to date.

56. Defendants made the transfer pursuant to, and in furtherance of, the conspiracy and agreement alleged above, all to the detriment of Logtale, which detriment was known to and intended by the defendants.

57. As a proximate result of the wrongful acts herein alleged, Logtale has been damaged in the sum of $2,083,334 plus interest since the date of the judgment, in the amount of the costs and fees incurred seeking relief in this action, in the amount of the costs and fees incurred in instituting judgment enforcement proceedings in Los Angeles, San Francisco and Marin counties and in the amount of the loss of use of the funds that Logtale should have obtained but for the defendants' conduct.

58. At the time of the conspiracy, the defendants knew of Logtale's claims against James Canton and knew that Logtale's claims could only be satisfied by James Canton's property and assets and that such assets and property could not be used to pay the judgment if they were transferred by James Canton to Gayle Canton as her separate property. As a result of this knowledge, the defendants intentionally, willfully, fraudulently and maliciously conspired to and then made the transfer to defraud and oppress Logtale. Logtale is therefore entitled to exemplary or punitive damages.

59. Because of the foregoing, Logtale is entitled to set aside the transfer pursuant to California law and as against public policy pursuant to California Penal Code section 154.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

12

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

# PRAYER

WHEREFORE, Logtale prays for relief as follows:

A. For entry of an order:

   a. Avoiding the conveyance, transfer, disposition and transmutation of the assets by the defendants pursuant to the MSA in an amount necessary to satisfy the judgment in the Underlying Action; that is, $2,083,334 plus post-judgment interest;

   b. Requiring the defendants to take all steps necessary to effectuate the transfer of all of the assets originally transferred, plus interest, from Gayle Canton's control to a California Account to be approved by the Court and in an amount necessary to satisfy the judgment in the Underlying Action; that is, $2,083,334 plus post-judgment interest;

   c. After the funds and other property are transferred, authorizing Logtale to levy execution on such transferred amounts as necessary to satisfy the judgment in the Underlying Action; that is, $2,083,334 plus post-judgment interest;

   d. Authorizing Logtale to levy execution against IGF as James Canton's alter ego as necessary to satisfy the judgment in the Underlying Action -- $2,083,334 plus post-judgment interest -- and any amounts awarded in judgment in this action.

B. For an immediate preliminary and/or permanent injunction enjoining each defendant and all those acting under their direction or control, including their children, other relatives, business associates or friends, from any actions, including, but not limited to, transfers, distributions, dissipations or any other diminishment of the assets of James and/or Gayle Canton as of the date of this complaint, or any other actions that may endanger Logtale's right to collect the full sum of the relief sought by this action;

C. For an award of damages to Logtale to compensate it for the harm caused by the defendants' wrongful actions;

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

13

Case No. _____
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION

D.  For an award of punitive and exemplary damages in an amount sufficient to punish the defendants' fraudulent, malicious or oppressive conduct and deter such conduct in the future;

E.  For an award of all costs incurred by Logtale herein and in related proceedings to enforce the judgment in the Underlying Action;

F.  For an award of all attorneys' fees incurred by Logtale herein and in related judgment enforcement proceedings to enforce the judgment in the Underlying Action;

G.  For an award of pre-and post-judgment interest on all amounts awarded;

H.  For any and all such other and further relief as may be just and proper, including, but not limited to, any and all relief that may be available under or permitted by California Civil Code sections 3439.01 *et seq.* or any other applicable law.

Dated:  February 18, 2020

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: /s/ Mark C. Goodman
Mark C. Goodman
Attorney for Plaintiff
LOGTALE, LTD.

### DEMAND FOR JURY TRIAL

Plaintiff Logtale, Ltd. hereby demands a trial by jury of all issues so triable.

Dated:  February 18, 2020

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: /s/ Mark C. Goodman
Mark C. Goodman
Attorney for Plaintiff
LOGTALE, LTD.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

14

Case No.
COMPLAINT FOR AVOIDANCE AND RECOVERY OF A VOIDABLE TRANSACTION