# FOREMAN & BRASSO

### ATTORNEYS AT LAW

Ronald D. Foreman
Russell F. Brasso
(1937-2013)

850 Montgomery Street, Suite 300
San Francisco, California 94133
Tel: 415.433.3475
Fax: 415.781.8030
www.foremanandbrasso.com

Marin Office
21 Tamal Vista Boulevard, Suite 174
Corte Madera, CA 94925

June 30, 2022

**FILED VIA ECF**

Magistrate Judge Donna M. Ryu
U.S. District Court, Northern District of California
1301 Clay Street, Courtroom 4 – 3rd Floor
Oakland, CA 94612

Re:    *Logtale, Ltd. vs. James Canton, Gayle Canton, et. al.*
        Northern District of California, Case No. 4:20-cv-01207-DMR

Dear Judge Ryu:

## RELEVANT CASE MANAGEMENT DEADLINES

- August 15, 2022      Complete all non-expert discovery
- September 5, 2022    Rebuttal experts disclosed and reports provided
- September 26, 2022   Complete all expert discovery
- September 8, 2022    Last day to hear dispositive motions
- January 11, 2023     Pretrial Conference
- January 23, 2023     Trial

### DEFENDANTS' COUNSEL'S JOINT DISCOVERY LETTER RE PLAINTIFF'S AT&T SUBPOENA

On June 21, 2022, Plaintiff Logtale issued a subpoena to AT&T seeking records relating to the phone numbers of Gayle Canton and James Canton. As disclosed in discovery thus far, the AT&T account at issue is paid for by Defendant IGF and is a "family plan" covering James Canton, Gayle Canton, and their children. The compliance date for the subpoena is **July 7, 2022.**

On June 23, 2022, the Defendants' counsel asked to meet and confer with Plaintiff's counsel regarding the subpoena. The parties attempted to schedule a phone conference to discuss the breadth of the subpoena and agreed upon Tuesday, June 28, 2022. That day, due to an unforeseen personal matter, Barry Thompson, who is co-lead counsel for Logtale, indicated that the call could not take place until June 30, 2022. On June 30, 2022, therefore, a conference call was conducted between Barry Thompson and Christina Wong (Logtale), Ian Hansen (Gayle Canton), and Sarah Léger (James Canton).

The position of the Defendants' counsel is that the subpoena, a copy attached hereto as **Exhibit A**, is overbroad and covers information protected from disclosure by the attorney-client and work-product privileges (e.g., full compliance could provide Logtale's counsel with text messages between attorney and client). Additionally, due to the nature of the "family plan," the

Judge Donna Ryu
June 30, 2022
Page 2

subpoena would also cover the cell phone information of James Canton's and Gayle Canton's children, who are not parties to this litigation.  The defendants' counsel has also expressed concern that the overbreadth of the subpoena (which seeks over six years of cell phone records) means that it is not proportionate to the needs of the case. Finally, the subpoena's demand for disclosure of text message content violates the Stored Communications Act. *See* 8 USC §§ 2701-12.

     Counsel for the parties had a good-faith discussion about potential limitations to the subpoena to address the Defendants' counsel's concerns. However, an agreement could not be reached during the call. Defendants' counsel proposed that the subpoena be withdrawn and re-issued after negotiations had been exhausted; Logtale's counsel was unwilling to do so.

     Due to the upcoming Fourth of July holiday, the vacation schedule of Gayle Canton's counsel, as well as the time for compliance with the subpoena (July 7, 2022), it is impossible for the parties to issue a joint letter that would address the subpoena in time to prevent documents from being produced to Plaintiff's counsel. Therefore, the Defendants' counsel respectfully requests that the Court issue a limited order staying execution of the subpoena for ten days to allow the parties to either reach a stipulation to limit the subpoena or bring a joint discovery letter to the Court.

                        Respectfully Submitted,

Dated: June 30, 2022               **FOREMAN & BRASSO**

                        /s/ Ian Hansen
                        Ian Hansen, Esq.
                        Attorneys for Defendant Gayle Canton

Dated: June 30, 2022               **RAGGHIANTI FREITAS, LLP**

                        /s/ Sarah Leger
                        Sarah N. Leger, Esq.
                        Attorneys for Defendant James Canton

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| LOGTALE, LTD. | ) | |
| *Plaintiff* | ) | Civil Action No.  4:20-cv-01207-DMR |
| v. | ) | |
| JAMES CANTON, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          AT&T SERVICES, INC.
Attention Custodian of Records, c/o CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA  91203

*(Name of person to whom this subpoena is directed)*      Tel: 213.627.8252

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:          SEE ATTACHMENT A

| Place: ACE ATTORNEY SERVICE<br>811 Wilshire Blvd, Suite 900<br>Los Angeles, CA  90017 | Date and Time:<br><br>July 7, 2022 - 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    June 21, 2022

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LOGTALE, LTD.
_____ , who issues or requests this subpoena, are:

Christina Wong, Baker & McKenzie LLP, Two Embarcadero Center, Suite 1100, San Francisco, CA 94111;415.576.3022

**Notice to the person who issues or requests this subpoena** christina.wong@bakermckenzie.com
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:20-cv-01207-DMR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**LOGTALE, LTD. v. JAMES CANTON, et al.**

**U.S. District Court for the Northern District of California - Case No. 4:20-CV-01207-DMR**

**ATTACHMENT A**

**TO SUBPOENA TO AT&T SERVICES, INC.**

      This subpoena pertains to the action brought by Logtale, Ltd. against James Canton, Gayle Canton and the Institute for Global Futures in the U.S. District Court for the Northern District of California, Case No. 4:20-CV-01207-DMR.

**DEFINITIONS**

      The following terms have the following meanings when used in the subpoena:

      1.      "COMMUNICATIONS" means or refers to the transmittal of information, facts or ideas, including communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, calendar entry, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written.  "COMMUNICATIONS" also means or refers to any written and unwritten but recorded correspondence, including non-duplicate drafts, versions not sent and copies that differ only in margin notes or annotations, including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks or other things sent or received by YOU to or from any PERSON, including files maintained or exchanged internally within YOUR family, YOUR business or with YOUR employees.

      2.      "DEFENDANTS" means JAMES CANTON, GAYLE CANTON and IGF.

      3.      "DOCUMENT" means, in the broadest sense possible, all COMMUNICATIONS, writings and other tangible things on which any form of COMMUNICATION or information is recorded or reproduced, including correspondence, memoranda, notes, records, letters, envelopes, messages, studies, analyses, contracts, agreements, papers, reports, summaries, results of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines,

newspapers, booklets, brochures, pamphlets, manuals, marketing materials, circulars, bulletins, notices, drawings, diagrams, instructions, affidavits, declarations, notes or minutes of meetings or of other COMMUNICATIONS of any kind (including inter and intra-office COMMUNICATIONS), questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data, transactional records, audio or video recordings, instant messages, text messages, internet postings, social media content, e-mails and attachments and all other data compilations from which information can be obtained, including electromagnetically sensitive or optical storage media, and any preliminary versions, drafts or revisions of any of the foregoing. "DOCUMENT(S)" also includes each and every file folder or other material in which the above items are stored, filed or maintained and the hierarchal folder structure in which the data are contained, copies of DOCUMENTS, even if the originals are not in YOUR possession, custody or control, every copy of a DOCUMENT that contains handwritten or other notations or that otherwise does not duplicate the original of any other copy, all attachments to any DOCUMENTS and any other DOCUMENTS, item and/or information discoverable under federal law and procedure, including the items referenced in Federal Rule of Civil Procedure 34(a) or Federal Rule of Evidence 1001.

4.      "GAYLE CANTON" refers to the defendant in the litigation, Gayle Allison Canton, a.k.a. Gayle Osder Canton, a.k.a. Gayle Allison Osder, including her agents, attorneys, and others acting on her behalf. GAYLE CANTON is associated with the following email addresses: globalfuturist@gmail.com; gcanton7@gmail.com. GAYLE CANTON is also affiliated with the following addresses:

  a.   488 Green Glen Way, Mill Valley, California 94941-4018

  b.   2084 Union St., San Francisco, California 94123-4145.

5.      "IGF" refers to the defendant in the litigation, the Institute for Global Futures, including its agents, attorneys, and others acting on its behalf. IGF is associated with the following website: www.globalfuturist.com. IGF is associated with the following addresses:

  a.   2084 Union St., San Francisco, California 94123-4145

      b.  9120 Double Diamond Parkway, Reno, Nevada 89521

6.      "JAMES CANTON" refers to the defendant in the litigation, James Martin Canton, a.k.a. Jaime Martin Canton, who was born on April 29, 1951 and whose social security number ends in 4652, including his agents, attorneys, and others acting on his behalf.  JAMES CANTON is associated with the following email addresses: futureguru@gmail.com; jcanton@gmail.com; jcanton@msn.com; jcanton@globalfuturist.com; jcanton@futureguru.com. JAMES CANTON is also affiliated with the following addresses:

      a.  488 Green Glen Way, Mill Valley, California 94941-4018

      b.  2084 Union St., San Francisco, California 94123-4145

      c.  17 El Monte Ln., Unit B, Sausalito, California 94965-2110.

7.      "PERSONS" refers to any natural individual, governmental entity or business entity, including a corporation or partnership, association, joint venture, co-venture, or other entity, or any combination thereof, and all corporations, divisions or entities affiliated with, owned or controlled directly or indirectly by any such entities, as well as the directors, officers, employees, agents, attorneys or other representatives thereof, or third parties retained or employed by any of the above.

8.      "RELATING TO" means referring to, constituting, concerning, supporting, reflecting, consisting of, discussing or in any way logically or factually connected with the matter that is the subject of the request.

9.      "TARGET ACCOUNTS" means accounts held by, registered to, assigned to, or associated with DEFENDANTS, including accounts for cell phone numbers: (415) 302-7177 and (415) 516-3061.  TARGET ACCOUNTS additionally includes any account to which the following payment confirmation codes are associated with:

      a.  6YG7EPAYM0FPC9H

      b.  6XG7EPAYI0CMC01

      c.  6LN7EPAYR0FF082

      d.  6JP7EPAYJ0CS3GJ

10.     "YOU" or "YOUR" means **AT&T SERVICES, INC.**, including its agents, attorneys and others acting on its behalf.

## INSTRUCTIONS

1.      In answering the following document requests, please furnish all available information, including information in the possession, custody or control of any of YOUR attorneys, agents, employees, representatives, associates, investigators, partnerships and any other PERSON under YOUR control who have the best knowledge, not merely information known to YOU based upon YOUR own personal knowledge.  If YOU cannot fully respond to any of the requests after exercising due diligence to secure the information requested thereby, then state that in response to the specific request and specify the portion of each request to which YOU cannot respond fully and completely.  Please also state what efforts YOU made to obtain the requested information, the facts YOU are relying on to support YOUR contention that the request cannot be answered fully and completely, and any knowledge, information or belief YOU have concerning the unanswered portion of any such request.

2.      Unless otherwise specified in a document request, the time period governing this Request For Production is from September 25, 2015 to the present.

3.      If YOU contend the time period governing any document request is objectionable or otherwise inappropriate, then state the time period YOU contend is proper for the request and answer the request based on that time period, preserving YOUR objection to the remainder of the requested time period.

4.      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), YOU must produce all DOCUMENTS responsive to these requests in the form, order and manner in which they are maintained in YOUR files.  DOCUMENTS are to be produced in the folders, cartons or containers in which they have been maintained, stored, clipped, stapled or otherwise arranged in the same form and manner in which they were found and in such a manner that the office and location from which they were produced is readily identifiable.  Whenever a DOCUMENT or group of DOCUMENTS is taken out of a file folder, file drawer, file box or notebook, before it

is produced, attach thereto a copy of the label on the file folder, file box or notebook from which the DOCUMENT or group of DOCUMENTS was removed.

5.      Electronic records and computerized information shall be produced in accordance with any applicable ESI order or agreement of the parties.  At a minimum, such records and information should be produced in an intelligible format, together with a description of the system from which they were derived that renders the records and information intelligible.

6.      Selection of DOCUMENTS from files and other sources, and the numbering of such DOCUMENTS, must be performed so that the source of each DOCUMENT can be readily determined.

7.      DOCUMENTS attached to each other shall not be separated.  All DOCUMENTS that respond, in whole or in part, to any portion of any document request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

8.      If YOUR response to a particular document request is a statement that YOU lack the ability to comply with that request, please specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen or has never been, or is no longer, in YOUR possession, custody or control, in which case YOU must identify the name and address of any PERSON that YOU know or believe to have possession, custody or control of that information or category of information.

9.      If YOU contend a request seeks information that is privileged or otherwise exempt from discovery, please provide all information required by the request that YOU do not contend is privileged or otherwise exempt from discovery.  For information over which YOU are claiming privilege or some other exemption from discovery, please identify the DOCUMENT with sufficient particularity, including by providing at least the following information:

     a.   the date of the DOCUMENT;

     b.   the basis on which the privilege or other exemption is claimed;

     c.   the names and titles/positions of the author of the DOCUMENT and all other PERSONS that participated in preparing the DOCUMENT;

    d.   the name and title/position of each individual or other PERSON to whom the DOCUMENT, or a copy thereof, was sent or otherwise disclosed;

    e.   a description of any accompanying material transmitted with or attached to the DOCUMENT;

    f.   the number of pages in the DOCUMENT;

    g.   the particular request to which the DOCUMENT is responsive; and whether any business or non-legal matter is contained or discussed in the DOCUMENT.

10.    If YOU choose to provide in electronic media or machine-readable form (*e.g.,* computer disk, cartridge, tape, punch cards or other non-printed media) any DOCUMENTS or other materials in YOUR responses, YOU must provide all information and things necessary to fully access, read and decode (into plain English text) all data and files so provided.

11.    For all requests herein, the singular shall include the plural and vice versa and the conjunctive shall include the disjunctive and vice versa.  References to any particular gender shall be interpreted to include all genders, as the context requires. "Including" shall mean including and not limited to.

12.    For any term used herein that is not otherwise specifically defined, the common and usual meaning of such term is intended.  Any ambiguity in these document requests shall be resolved so as to construe the requests as broadly as possible.  Defined terms need not be capitalized terms to retain their defined meaning.

13.    YOU shall sign the response under oath.

14.    YOU may, as necessary and appropriate, designate responsive DOCUMENTS as "Confidential" pursuant to the stipulated protective order that has been entered in the litigation, a copy of which is **Attachment B** to the subpoena.

## **REQUESTS FOR PRODUCTION**

1.      All DOCUMENTS RELATING TO cell phone communications in the form of historical call detail records and tower locations, for the TARGET ACCOUNTS for the period of time between September 25, 2015 and the present.

2.      DOCUMENTS sufficient to identify subscriber information for the TARGET ACCOUNTS, including financially responsible party, billing address, features and services and equipment.

3.      DOCUMENTS sufficient to identify all call originations, call terminations, call attempts, voice and text message transactions for the TARGET ACCOUNTS, including push to talk, data communications, SMS and MMS communications, and voice communications, LTE and/or IP sessions and destinations with cell site information, including the originating and receiving phone numbers or network IDs for all incoming and outgoing call transactions, data transactions and push to talk sessions.

4.      All DOCUMENTS RELATING TO stored SMS content, MMS content and / or Browser Cache if available for the TARGET ACCOUNTS.

5.      DOCUMENTS sufficient to show beginning and ending switch and cell site / tower identifiers for each call, SMS MMS and data transmission, including the location information and azimuth for the tower and sector used for the call for the TARGET ACCOUNTS.

6.      A complete table of cell towers / cell site information for all cell towers / cell sites in the LAC, NEID or service area and or for all switches used by the TARGET ACCOUNTS, active at the time period for the call detail records requested.  This shall include:

      a.   cell tower location information including latitude and longitude

      b.   cell tower / cell site designation information / identification numbers

      c.   information for each cell site sector including azimuth

      d.   equipment type used at the cell site, *i.e.* Lucent or Nortel, etc.

e. NOTE TO ATT MOBILITY: Even though the tower location information is in the call detail records, this subpoena also requests a list of cell tower locations with the latitude, longitude of each tower, the sector azimuth and the beam width, if known, for the time period covered, in comma delimited or Excel format, for every tower referenced in the call detail records responsive to this subpoena.

7. DOCUMENTS sufficient to explain how to read the call detail records, including legends or definitions for any and all abbreviations used in the reports provided.

8. DOCUMENTS RELATING TO precise measurement data such as e-911 location data, NELOS data and or any other data recorded for the time period that will provide additional location data.

9. DOCUMENTS RELATING TO time stamps / time zones of the records.

10. All records or information regarding cell towers that were undergoing maintenance, or were out of service the time period in this request.

ATTACHMENT B

Ronald D. Foreman, Esq. (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 100
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
Gayle Canton

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., a British Virgin Islands corporation | Case No.    4:20-cv-01207-DMR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER ***AND ORDER**** |
| v. | |
| JAMES CANTON, a California resident, GAYLE CANTON, a California resident, and THE INSTITUTE for GLOBAL FUTURES, a Nevada corporation | |
| Defendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

this Stipulated Protective Order does not entitle them to file confidential information under seal;

United States District Court
Northern District of California

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

**STIPULATED PROTECTIVE ORDER**                                      **CASE NO. 4:20-cv-01207-DMR**

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

        5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

       (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

       (c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties shall submit their dispute to Magistrate Judge Ryu for resolution in accordance with her Standing Order regarding resolution of discovery disputes. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this

action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

1   Be Bound" that is attached hereto as Exhibit A.

2   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

3   <u>MATERIAL</u>

4   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

5   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

6   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

7   modify whatever procedure may be established in an e-discovery order that provides for production

8   without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

9   parties reach an agreement on the effect of disclosure of a communication or information covered by

10   the attorney-client privilege or work product protection, the parties may incorporate their agreement

11   in the stipulated protective order submitted to the court.

12   12.   <u>MISCELLANEOUS</u>

13   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek

14   its modification by the court in the future.

15   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order

16   no Party waives any right it otherwise would have to object to disclosing or producing any

17   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

18   Party waives any right to object on any ground to use in evidence of any of the material covered by

19   this Protective Order.

20   12.3   Filing Protected Material. Without written permission from the Designating Party or a

21   court order secured after appropriate notice to all interested persons, a Party may not file in the

22   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

23   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

24   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

25   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

26   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

27   protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

28   **STIPULATED PROTECTIVE ORDER**                              **CASE NO. 4:20-cv-01207-DMR**

1    to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

2    in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

3    13.    <u>FINAL DISPOSITION</u>

4           Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5    Receiving Party must return all Protected Material to the Producing Party or destroy such material.

6    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7    summaries, and any other format reproducing or capturing any of the Protected Material. Whether

8    the Protected Material is returned or destroyed, the Receiving Party must submit a written

9    certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

10   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

11   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

12   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

13   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

14   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

15   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

16   and expert work product, even if such materials contain Protected Material. Any such archival copies

17   that contain or constitute Protected Material remain subject to this Protective Order as set forth in

18   Section 4 (DURATION).

19   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

21   DATED: November 18, 2021          _/s/ Christina Wong_____

22                                     Mark C. Goodman, Esq.
                                       James J.  Ward, Esq.
23                                     Christina Wong, Esq.
                                       Attorneys for Plaintiff Logtale, Ltd.

24

25   DATED: November 18, 2021          _/s/ Sarah Leger_____

26                                     Sarah Leger
                                       Attorneys for Defendant James Canton
27

28

**STIPULATED PROTECTIVE ORDER**                          **CASE NO. 4:20-cv-01207-DMR**

DATED: November 18, 2021            /s/ Sharon Johal

                                        Sharon Johal, Esq.
                                        Attorneys for Defendant Institute of Global Futures

DATED: November 18, 2021            /s/ Ronald D. Foreman

                                          Ronald D. Foreman, Esq.
                                        Ian A. Hansen, Esq.
                                        Attorneys for Defendant Gayle Canton

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____11/23/2021_____   _____

                                 United States District Magistrate Judge
                                 Donna M. Ryu

1

2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3   I, _____ [print or type full name], of _____

4   _____ [print or type full address], declare under penalty of perjury that

5   I have read in its entirety and understand the Stipulated Protective Order that was issued by the

6   United States District Court for the Northern District of California on _____[date] in the

7   case of **Logtale, Ltd. vs. James Canton, et. al., Case No. 4-20-cv-01207-DMR**.  I agree to comply

8   with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9   acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

10  contempt. I solemnly promise that I will not disclose in any manner any information or item that is

11  subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

12  provisions of this Order.

13  I further agree to submit to the jurisdiction of the United States District Court for the Northern

14  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

15  if such enforcement proceedings occur after termination of this action.

16  I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number] as

18  my California agent for service of process in connection with this action or any proceedings related

19  to enforcement of this Stipulated Protective Order.

20

21  Date: _____

22  City and State where sworn and signed: _____

23

24  Printed name: _____

25

26  Signature: _____

27

28

**STIPULATED PROTECTIVE ORDER**                                       **CASE NO. 4:20-cv-01207-DMR**

13