# FOREMAN & BRASSO
ATTORNEYS AT LAW

Ronald D. Foreman  
Russell F. Brasso  
(1937-2013)

850 Montgomery Street, Suite 300  
San Francisco, California 94133  
Tel: 415.433.3475  
Fax: 415.781.8030  
www.foremanandbrasso.com

Marin Office  
21 Tamal Vista Boulevard, Suite 174  
Corte Madera, CA 94925

July 12, 2022

**FILED VIA ECF**

Magistrate Judge Donna M. Ryu  
U.S. District Court, Northern District of California  
1301 Clay Street, Courtroom 4 – 3rd Floor  
Oakland, CA 94612

Re: *Logtale, Ltd. vs. James Canton, Gayle Canton, et. al.*  
Northern District of California, Case No. 4:20-cv-01207-DMR

Dear Judge Ryu:

**RELEVANT CASE MANAGEMENT DEADLINES**

- August 15, 2022     Complete all non-expert discovery
- August 22, 2022     Expert disclosures and reports due
- September 5, 2022     Rebuttal experts disclosed and reports provided
- September 26, 2022     Complete all expert discovery
- September 8, 2022     Last day to hear dispositive motions
- January 11, 2023     Pretrial Conference
- January 23, 2023     Trial

**DEFENDANT GAYLE CANTON'S REQUEST FOR RELIEF**

This discovery letter is unfortunately necessary due to Plaintiff Logtale's refusal to produce for deposition a Rule 30(b)(6) witnesses to address the factual basis for various identified factual contentions in the complaint. This notice of deposition, attached hereto as an exhibit, is the only discovery Defendant Gayle Canton has propounded in this case to date. The Court has already ordered Gayle Canton to turn over six years of her private financial information based on Logtale's "theory" that her divorce was a "sham." It is not asking much for Logtale to prepare a witness to testify to the factual basis for this "theory." If Logtale is allowed to rely on this allegation as the basis for its pervasive and invasive discovery of Gayle Canton's private life and financial history, then it should be ready to submit to questioning regarding it and other allegations and be prepared to discuss any relevant documents. Logtale's suggestion Gayle Canton previously agreed to limit herself to contention interrogatories alone is false.

The notice of 30(b)(6) deposition requires that Logtale prepare and produce a witness knowledgeable regarding the factual basis for certain limited factual contentions in the complaint. A corporate Plaintiff must state the *facts* on which it bases its claims, as asserted in

the complaint. Defendant is **not** limited to relying on written interrogatories to discover this information. *See Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 620 (N.D. Tex. 1993); *Zenimax Media v. Oculus Vr*, No. 3:14-CV-1849-P (BF), 2016 U.S. Dist. LEXIS 202381, at *19 (N.D. Tex. Jan. 27, 2016). Furthermore, the federal rules do not require parties to conduct discovery in a particular sequence or rely solely on one method. Fed. R. Civ. P. 26(d)(2)(A) ("methods of discovery may be used in any sequence").

Asking about Logtale's factual basis for its factual contentions in the complaint is thus wholly appropriate for a Rule 30(b)(6) deposition as **"**otherwise, it is the attorney who is giving evidence, not the party.**"** *United States v. Taylor*, 166 F.R.D. 356, 362-63 (M.D.N.C. 1996). Contentions are based on the facts of the case, and "the attorney for the corporation is not at liberty to manufacture the corporation's contentions." *Id.* at 363. **The corporation must designate a person to speak on its behalf, just as an individual must, and it is this position the attorney must advocate.** *See Twentieth Century Fox Film Corp. v. Marvel Enters.*, 01 Civ. 3016 (AGS)(HBP), 2002 U.S. Dist. LEXIS 14682, at *8 (S.D.N.Y. Aug. 6, 2002). Because depositions provide a means to obtain more complete information and ask follow up questions, they are the process courts "favor" for gathering information. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Nor is, as Logtale suggests, a 30(b)(6) designee limited to testifying to facts known to the entity "in the ordinary course of business." An attorney for a corporation cannot "have [its] attorney assert that the facts show a particular position on a topic when, at the Rule 30(b)(6) deposition, the corporation asserts no knowledge and no position." *Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097, at *7 (N.D. Ill. July 18, 2001). Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, "this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M.*, 273 F.R.D. 689, 692 (D.N.M. 2011).

Further, none of the areas of inquiry Gayle Canton has designated as topics for the 30(b)(6) deposition involve "complicated legal issues" that would require her to rely on contention interrogatories solely. *See Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003). The cases cited by Logtale are inapposite. In *Rifkind v. Superior Court*, 22 Cal. App. 4th 1257 (1994), the California court noted that it was only addressing questions related to *legal* contentions and explicitly stated that deponents *could* be asked about the factual basis for factual conclusions or assertions. *Id.* at 1259 (emphasis supplied). Logtale's citations to *Uschold v. Carriage Servs.*, No. 17-cv-04424-JSW (EDL), 2019 U.S. Dist. LEXIS 230037, at *8 (N.D. Cal. Jan. 22, 2019), and the other federal cases are equally misplaced. This is not a complex case involving mixed questions of law and fact. The facts are pretty basic. For example, Logtale claims that the divorce is a "sham," and James Canton has a continued personal

relationship with Gayle Canton. (*See* Topic 3.) This is clearly not a legal question or even a mixed question of law and fact. If Logtale alleges the divorce is a sham, it must produce a witness who can identify the factual basis for that allegation. If the factual basis is solely the timing of the divorce or certain transfers made post-MSA, then it must produce a witness who says as such under oath and identifies the specific evidence and witnesses on which Logtale relies. If, as Defendant suspects, Logtale has no material evidence and cannot present a witness supporting Logtale's spurious and frankly offensive allegations of fraud and dishonesty (claims that are now part of the public record), then summary adjudication of the common law fraud claim is warranted. Similarly, Plaintiff alleges that "Defendants, and each of them, are fully aware that Gayle Canton does not actually perform services for IGF that warrant the compensation she receives and that the compensation is paid only as a means to preclude assets from being used to pay Logtale's judgment." That is an assertion of fact, not law. It is thus quite proper under 30(b)(6) to require Logtale to provide a representative witness who can testify as to the factual basis of that factual assertion in the complaint, even under *Rifkin*. If there is a factual basis for any of these assertions other than speculation, then Gayle Canton is entitled to discover that basis through the deposition of Logtale's fully prepared 30(b)(6) designee, no lawyer-drafted responses to interrogatories.

In sum, Logtale's position that Gayle Canton may not utilize the 30(b)(6) process to uncover the factual basis for factual allegations in its complaint is untenable. Defendant Canton respectfully requests that the Court order Logtale to comply with the notice of deposition and produce a knowledgeable witness who can testify to the few identified topics.

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTED RELIEF**

On May 20, 2022, Plaintiff Logtale agreed to produce a 30(b)(6) witness ("Person Most Qualified" or "PMQ deposition") to testify at deposition. Plaintiff had no objection then, and has no objection now, to producing a witness to testify on appropriate subject matters. But, in late May 2022, when Defendant Gayle Canton's Counsel proposed taking Logtale's PMQ deposition on the "the contentions in the Complaint," Plaintiff responded (by email of June 6, 2022) and raised concerns regarding the notion of taking contention discovery from Plaintiff by way off a PMQ deposition. Plaintiff advised Defendant of these concerns, provided case citations describing such depositions as inappropriate (*Yahoo!, Inc. v. MyMail, Ltd.,* Case No. 16-cv-07044-EJD, 2017 U.S. Dist. LEXIS 76154 (N.D. Cal. 2017); *Howard v. HMK Holdings, LLC*, No. CV 17-5701-DMG (JPRx), 2018 U.S. Dist. LEXIS 97811, at *12 n.8 (C.D. Cal. June 11, 2018); *Rifkind v. Superior Court*, 22 Cal.App.4th 1255, 1263 (1994)) and suggested that the parties meet and confer to try to informally resolve the issue. Plaintiff advised at that time that it would be willing to supplement its contention interrogatory responses as an alternative to a deposition on these inappropriate topics. Defendant nevertheless proceeded to serve a PMQ

Judge Donna Ryu
July 12, 2022
Page 4

deposition notice seeking facts supporting the contentions in the Complaint. Plaintiff objects to the notice of PMQ deposition for two significant reasons.

First, under the best of circumstances, it is difficult to take a plaintiff's PMQ deposition on factual or mixed factual-legal contentions because, by definition, the facts relevant to the legal claims are intimately tied into attorney-client communications as well as counsel's thought processes, mental impressions, legal conclusions and work product. And, this case does not present the best of circumstances. It is a fraud case -- based entirely on the Defendants' post-judgment acts and conduct. The only relevant aspects of the underlying dispute between Logtale and Defendant James Canton -- involving breach of fiduciary duty, breach of contract and punitive damages claims -- that may be relevant to this case are dates that certain events took place (*e.g.*, jury verdict, appeal decided and judgement fixed and final), all of which are easily verifiable through court records and filings. (*See Logtale, Ltd. v. IKOR, Inc., et al.*, Case No. 3:11-CV-05452-EDL, Dkt. 477, Judgment, filed Mar. 25, 2016.) Whereas, this action, seeking to enforce the Judgment via claims for fraud and fraudulent transfer, involves factual investigation and a discovery process led entirely by Plaintiff's counsel via available discovery tools and non-discovery tools. From there, the factual information has been sifted and analyzed by Plaintiff's counsel, as relevant to the claims asserted. In other words, these are not matters that Plaintiff Logtale is involved with or about which a Logtale PMQ would have any base of knowledge. Logtale has made the decision to proceed with the lawsuit based on the underlying Judgment, but, as would be expected, all other aspects of this case have been handled by Plaintiff's counsel. Here are some of facts discovered in this action so far:

Approximately *two weeks* after Plaintiff obtained the underlying Judgment, but before the Judgment had been finalized, Defendants James and Gayle Canton purported to separate, after 25 years of marriage. Only weeks after their claimed "separation," Gayle Canton filed for divorce; they effected the divorce in a week. In that time, they concluded the divorce proceedings, divided their property and entered into a marital settlement agreement whereby Gayle Canton took the vast majority of the couple's assets -- and all of the assets of any real value. From Plaintiff's perspective, this was a blatant and fraudulent attempt to remove the valuable assets from the realm of the Cantons' community property for the express purpose of placing them beyond the reach of Plaintiff's Judgment. (*See* Dkt. 92, Ex. B, May 27, 2016 Marital Settlement Agreement (MSA).) James Canton also began paying Gayle Canton a salary and paying for her living expenses through his wholly owned and controlled company, Defendant IGF. (*See* Dkt. 92, Ex. C, Mar. 30, 2017 Judgment Debtor Examination.) These are among the facts that have been developed in this case and that give rise to Plaintiff's claims; and these are the facts that Plaintiff's PMQ witness would be testifying to -- all of which have been obtained from the Defendants or third parties in discovery. These facts are well-known to the Cantons and IGF, as they were previously disclosed in Plaintiff's contention discovery responses in this litigation.

Because it is not leading this investigation, Plaintiff knows these facts only from reports provided by its Counsel. So, practically speaking, the only way that Plaintiff could prepare a PMQ witness for a PMQ deposition on these and other contentions underlying the Complaint (as demanded by the PMQ deposition notice) would be to have Plaintiff and Plaintiff's counsel review the facts and documents together, for counsel to form conclusions as to the key facts or documents relevant to each contention, and to then share those conclusions with the corporate representative. But, this would necessarily involve discovery into the thought processes, mental impressions and strategies of counsel, things that are clearly off base under the attorney-client privilege and work product doctrine. *Uschold v. Carriage Servs.*, No. 17-cv-04424-JSW (EDL), 2019 U.S. Dist. LEXIS 230037 (N.D. Cal. Jan. 22, 2019) ("[t]he questioning of a corporate representative about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel because often the grounds for such allegations are best (or only) known to counsel.")

While there may be circumstances where a plaintiff's 30(b)(6) witness can be asked to testify about facts or information underlying allegations in a complaint -- *e.g.*, in a car accident case where the question reads, "Tell me all the facts that lead you to believe the claim in your complaint that the traffic light facing the defendant was red at the time that he collided with your car in the intersection" -- the purpose of designating a corporate representative for deposition is to appoint a witness to testify about information known or reasonably knowable to the organization in the ordinary course of its business. Here, judgment enforcement and legal investigation is not part of Plaintiff's business, and any such information known to Logtale would be second-hand and from communications and information provided by Plaintiff's counsel. For these very reasons, courts in this district have regularly held that such testimony is inappropriate and more appropriately sought through less invasive means, such as contention interrogatories. *Uschold*, 2019 U.S. Dist. LEXIS 230037 ("[t]he questioning of a corporate representative about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel because often the grounds for such allegations are best (or only) known to counsel."); *Lenz v. Universal Music Corp*, No. C 07-03783 JF (PVT), 2010 U.S. Dist. LEXIS 47873, at *7 (N.D. Cal. Apr. 20, 2010) ("Plaintiff is asking for testimony that forms the basis of defendant's 'belief' regarding infringement and fair use. The facts that form those "beliefs" are legal conclusions and an improper topic for a Rule 30(b)(6) deposition."); *3M Co. v. Kanbar*, No. C06-01225 JW (HRL), 2007 U.S. Dist. LEXIS 47513, at *6 (N.D. Cal. June 19, 2007) (holding that topics "seeking legal conclusions that should not form the basis for 30(b)(6) deposition").

Second, there is an available and less intrusive means for Defendant to get the information that it seeks. As noted above, Logtale has expressed its willingness to supplement its responses to contention interrogatories that have been previously propounded by Defendant

on these same topics -- facts supporting contentions in the Complaint.  Logtale renews its offer at this time. Logtale is willing to supplement its responses on or before the fact discovery cut off, so that all of the key factual information is provided.

      Plaintiff respectfully submits that the Court should sustain its objections to the PMK deposition Notice and direct Defendant to obtain this discovery through interrogatories.

Respectfully Submitted,

Dated: July 12, 2022           **FOREMAN & BRASSO**

/s/ Ian Hansen

Ian Hansen, Esq.
Attorneys for Defendant Gayle Canton