1  Ronald D. Foreman, Esq. (SBN 61148)
   Ian A. Hansen, Esq. (SBN 255449)
2  **FOREMAN & BRASSO**
   850 Montgomery Street, Suite 300
3  San Francisco, CA 94133
   Telephone:  (415) 433-3475
4  Facsimile:  (415) 781-8030
   Email:  foremanandbrasso@foremanandbrasso.com
5
6  Attorneys for Defendant
   Gayle Canton
7
8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10                       **OAKLAND**

| | |
|---|---|
| 11  LOGTALE, LTD., a British Virgin Islands corporation, | CASE NO.  4:20-cv-01207-DMR |
| 12 | |
| 13                Plaintiff, | **DEFENDANT GAIL CANTON'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S JULY 11, 2022 ORDER [ECF 156] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION PURSUANT TO CIVIL LOCAL RULE 7-9(a); REQUEST FOR STAY OF ORDER; REQUEST FOR CERTIFICATION OF ORDER PURSUANT TO 28 U.S.C. § 1292(b)** |
| 14          v. | |
| 15  JAMES CANTON, a California resident, GAYLE CANTON, a California resident, and THE INSTITUTE for GLOBAL FUTURES, a Nevada corporation, | |
| 16 | |
| 17 | |
| 18               Defendants. | |
| 19 | |
| 20 | |
| 21 | **HEARING REQUESTED** |
| 22 | Date:  August 25, 2022
Time:  1:00 p.m.
Dept.:  Courtroom 4
Judge: Hon. Donna M. Ryu |
| 23 | |
| 24 | Action filed:  February 19, 2020 |
| 25 | |

26     PLEASE TAKE NOTICE that on August 25, 2022, at 1:00 p.m., or as soon thereafter as

27 this matter may be heard in the United States District Court for the Northern District of

28 California, Courtroom 4, located at the United States Courthouse at 450 Golden Gate Avenue,

---

**GAYLE CANTON'S MOTION FOR RELIEF FROM THE COURT'S**         CASE NO. 4:20-cv-01207-DMR
 **JULY 11, 2022 ORDER [ECF 156]**

1

San Francisco, California, Defendant Gayle Canton will and hereby does move the Court to grant her relief under Rule 60(b)(1) on the ground of "mistake" and modify its July 11, 2022, order granting Plaintiff's motion to compel. ECF 156. In the alternative, she requests that the Court grant leave for Defendant Gayle Canton to file a Motion for Reconsideration according to Civil Local Rule 7-9(a). In the interim, Defendant Gayle Canton requests that the Court temporarily stay its July 11, 2022, order until this motion is resolved.

The motion will be and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed herein, and the argument of counsel at the time of the requested hearing.

DATE:  July 15, 2022                          FOREMAN & BRASSO

_____
Ronald D. Foreman, Esq.
Attorneys for Defendant
Gayle Canton

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

On July 11, 2022, this Court issued an order granting Plaintiff's motion to compel. [ECF 156]. The Court's order was based on factual statements made by Logtale in the joint letter brief submitted by the parties and the Court's ruling at a prior hearing concerning a dispute over Gayle Canton's ex-husband's document production. (*See* ECF 137, 139, 149). Defendant Gayle Canton did not participate nor have an opportunity to be heard at this prior hearing, as the motion to compel Defendant James Canton's financial documents was not directed at her. The Court further issued its order compelling Gayle Canton to produce documents without conducting a discovery hearing. Defendant Canton was not permitted the opportunity to file a formal

opposition to the motion to compel in order to brief these issues fully.[1]

The Court's order contains several mistakes of fact and raises serious concerns that compliance with the Court's order will require Gayle Canton to waive attorney-client privilege and her counsel, Ronald Foreman, to violate his obligations under California Business and Professions Code section 6068(e)(1), California Evidence Code section 954, and Federal Rule of Evidence 502.

Defendant Gayle Canton, therefore, hereby respectfully requests that the Court modify its order pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, grant leave for Defendant Gayle Canton to file a Motion for Reconsideration according to Civil Local Rule 7-9(a). In the interim, Defendant Gayle Canton requests that the Court temporarily stay its July 11, 2022, order until this motion is resolved.

II.   LEGAL AUTHORITY FOR MOTION

Federal Rule of Civil Procedure 60(b)(1) permits a party to seek relief from an order of the Court based on a "mistake." As the Supreme Court recently affirmed in *Kemp v. United States*, 142 S. Ct. 1856 (2022), the term "mistake" is not limited only to factual misconceptions or misunderstandings on the part of counsel, or to "mistakes" by non-judicial actors but includes errors of law or fact made by the Court. The *Kemp* court further rejected the argument that the term "mistake" encompasses only so-called "obvious" legal errors. *Id.* As the Supreme Court's ruling was based on textual analysis, the same reasoning would also apply to factual errors made

---

[1] Although Local Rule 7-1(b) provides that "a *motion* may be determined without oral argument or by telephone conference call," no motion was filed in this case. Instead, the parties filed a five-page joint letter according to this Court's standing order on discovery disputes and were not allowed to attach any exhibits other than the request at issue or declarations from the parties and their counsel. The effective two and one-half page limitation prevented Gayle Canton from presenting her arguments – there simply wasn't enough room. While Gayle Canton acknowledges the Court's desire to resolve discovery disputes in a "flexible, cost-effective and efficient manner," the procedure should not deny litigants the opportunity fully develop the record if they wish to seek interlocutory appellate review under 28 U.S.C. 1292 or a writ of mandamus.

GAYLE CANTON'S MOTION FOR RELIEF FROM THE COURT'S         CASE NO. 4:20-cv-01207-DMR
 JULY 11, 2022 ORDER [ECF 156]

by the Court.

In addition to Rule 60(b), under Civil Local Rule 7-9(b), a party may be granted leave to file a motion for reconsideration of an interlocutory order when the party demonstrates both "reasonable diligence in bringing the motion" and, *inter alia*, a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."[2]

III.  FACTUAL AND LEGAL BASIS FOR RELIEF

A. THE COURT'S ORDER REQUIRING GAYLE CANTON TO PRODUCE SIX YEARS OF FINANCIAL INFORMATION IS BASED ON FACTUAL MISTAKES.

The Court ordered Gayle Canton to produce over six years' worth of private financial documents from her credit card, bank, brokerage, and retirement accounts. Although the Court previously denied Plaintiff's request stating that it was overbroad, the Court now apparently concluded that "the initial sampling *that the court ordered* is not enough, and that full production is warranted."

This Court has never ordered Gayle Canton to provide a "sampling" of her financial documents. Gayle Canton provided the sampling of her own volition after the Court previously denied Logtale's motion to compel financial documents on March 13, 2021. *See* ECF 88. Accordingly, the entire premise of the Court's order, that it previously ordered Gayle Canton to produce documents and that her Court-ordered production was inadequate, is erroneous and mistaken.

---

[2] A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075. Fed. Rule Civ. Proc. 83(a)(1). Where a local rule conflicts with a federal rule, the local rule is not enforceable. *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981). This Court is "under an obligation to construe local rules so that they do not conflict with the federal rules." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). Accordingly, to the extent Civil Local Rule 7-9(b) applies a more stringent standard than our Supreme Court's interpretation of Rule 60(b), the later controls.

GAYLE CANTON'S MOTION FOR RELIEF FROM THE COURT'S       CASE NO. 4:20-cv-01207-DMR
JULY 11, 2022 ORDER [ECF 156]

Furthermore, the factual reasons the Court listed for why Gayle Canton should be required to turn over to both Logtale *and her ex-husband* over six years of financial documents are either factually incorrect or do not support requiring production.

Specifically, the Court reasoned:

> Documents recently produced by J. Canton and G. Canton suggest the existence of continuing financial transactions between the two of them and between G. Canton and Defendant Institute for Global Futures ("IGF"), such as emails between the Cantons' divorce attorneys that they intended to "continue operating as an economic unit" and G. Canton would receive a salary from IGF, documents showing J. Canton paid for G. Canton's travel expenses, and financial statements from G. Canton with unexplained transfers totaling $32,000.
> ECF 156 at 1:21-2:1.

There are no emails "between" the Cantons' divorce attorneys that they "intended to continue operating as an economic unit." This statement is based a *single* email from James Canton's divorce attorney, Peggy Bennington, where that phrase is used by her alone – not Gayle or her divorce attorney. Gayle never even received or saw the email in question, which makes it astounding that it is now being used as a justification for requiring Gayle to disclose her sensitive private financial information. Moreover, it is clear when placed in context that Bennington was referring to the child support award Gayle was entitled to as part of the divorce (which Gayle subsequently waived in the divorce proceedings):

> Since the parties intend to continue operating as an economic unit as they always have **why can't we agree that each will support the children while in his or her care without contribution from the other** but that no change of circumstances needs to be proven to seek modification and a guideline child support award?
> See Hansen Decl.¶ 2; Exhibit A.

This Bennington email has absolutely nothing to do with the transfer of assets from James Canton to Gayle Canton to avoid paying the Logtale judgment. Instead, it proves that

GAYLE CANTON'S MOTION FOR RELIEF FROM THE COURT'S           CASE NO. 4:20-cv-01207-DMR
JULY 11, 2022 ORDER [ECF 156]
5

Gayle and James intended to live separately and keep their finances separate and simply agreed to forego an award of child support to Gayle Canton based on the premise that each would support the children from their *separate assets* while the children were in their *separate care*. Ironically, as a result of this agreement, James Canton was able to forego paying child support to Gayle and thus actually had *more* monthly assets available to pay Logtale, not less. Only by selectively quoting the email was Logtale able to transform this benign agreement into something untoward, misleading the Court to the mistaken conclusion that the email was evidence of collusion and comingling.

Second, it has never been disputed that Gayle Canton received a salary from IGF after the divorce. Gayle received compensation as an IGF employee for her work on IGF's behalf. She admitted this *in her answer to the initial complaint* back in August 2020. *See* ECF 49 at 3. Therefore, the Court's assertion that her employment and receipt of a salary from IGF is "recently provided" information that warrants requiring Gayle to disclose six years' worth of her private financial information is mistaken. In addition, the Court should note that Gayle previously provided Logtale with discovery responses and documentation relating to her IGF salary over one year ago, in May of 2021.

Third, regardless of whether James Canton occasionally paid for Gayle Canton's travel expenses (either while she was traveling on behalf of IGF or with her children), Gayle Canton's financial accounts will not reflect these payments *because James Canton paid for them*. Accordingly, the occasional payment of travel expenses cannot be a valid basis for requiring the disclosure of over six years of Gayle's personal private financial information as Gayle's accounts will not show any of the payments James Canton made on her behalf to third parties.

Fourth, there are no "unexplained transfers totaling $32,000." Gayle provided

documentation to Logtale prior to the submission of the discovery letter, which she now provides to this Court as well, that $32,000 of transfers the Court cites **were transfers from Gayle's own trust account to Gayle's own savings account.** *See* Hansen Decl. ¶ 3; Exhibit C. Transferring money from one's own account to another of one's own accounts is not a fraudulent transfer and did not prevent Logtale from collecting on its judgment from James Canton.

      Finally, the order gives short shrift to Gayle's "inalienable right" to "privacy" under Article I, Section 1 of California's Constitution. Given the paucity of factual support the allegations in the complaint concerning post-marital settlement transfers, requiring that she hand over six years of financial information is a severe invasion of her personal privacy. An order compelling a private individual to hand over all her financial documents should be based on something more than innuendo and unsupported allegations. Moreover, in stating that Gayle Canton's "privacy interests are adequately addressed by production in accordance with the protective order in place," the Court fails to recognize that the protective is overly broad in that it gives both the individual litigants access to the information as well as their counsel. *See Cobb v. Superior Court*, 99 Cal. App. 3d 543, 551 (1979). Gayle Canton divorced James Canton over six years ago for breach of fiduciary duty. James Canton has no right to know the details of Gayle's finances subsequent to the divorce. Yet, the protective order does not protect Gayle Canton's privacy interest in keeping her financial information private from her ex-husband, who, as a party to the case, will be able to access it.

      In sum, the Court's order requiring Gayle Canton to produce account statements for her credit card, bank, brokerage, and retirement accounts since September 25, 2015, is based on mistaken factual assumptions, including that the Court previously ordered the production of financial documents when it did not. Absent these factual mistakes, there is no basis for requiring

such expansive disclosure. Defendant Gayle Canton, therefore, respectfully requests under Rule 60(b)(1) that the Court strike the portion of its order requiring the production of financial documents or, in the alternative, grant Gayle leave to file a motion for reconsideration under the Local Rules.

B.  THE COURT'S ORDER REQUIRING GAYLE CANTON AND HER COUNSEL TO FILE DECLARATIONS SHOULD BE MODIFIED TO CONFIRM THAT IT DOES NOT REQUIRE THE DISCLOSURE OF ANY ATTORNEY-CLIENT COMMUNICATIONS.

In addition to requiring the production of documents, the Court both Gayle and her counsel to publicly file sworn declarations setting forth "detailed information regarding G. Canton's search and production of responsive documents." ECF 156 at 2. Under California Business and Professions Code section 6068, subdivision (e)(1), Counsel for Gayle Canton has a duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." The declaration contemplated by the Court appears to require counsel to *publicly* disclose the contents of protected attorney-client communications in violation of California Evidence Code § 954 and Federal Rule of Evidence 502. Ordering counsel and Gayle Canton to disclose these communications effectively create a dilemma for Gayle and her attorney: waive privilege and disclose privileged information or risk being held in contempt.

The State Bar of California's Standing Committee on Professional Responsibility and Conduct has addressed this dilemma in the context of a motion to withdraw and stated as follows:

> In such a case, we believe the attorney has a **duty** to take all reasonable steps to avoid the dilemma – either by obtaining the Client's consent to the in-camera disclosure or some other compromise measure or by filing a writ petition with the Court of Appeal.
> 
> *See* Hansen Decl. ¶4; Exhibit C.

Ian Hansen is a counsel of record for Gayle Canton and has already searched Gayle Canton's emails using agreed-upon search terms and produced a declaration detailing the scope of the search he performed without detailing any attorney-client communications. This declaration was previously provided to Logtale *before* the joint discovery letter was filed and is attached to the Declaration of Ian Hansen as Exhibit D. Defendant respectfully requests that the Court deem that the Declaration of Ian Hansen is sufficient to comply with the Court's order or otherwise modify said order to make clear that Ronald Foreman and Gayle Canton need not disclose the content of any attorney-client communications in their respective declarations.

In the alternative, Defendant requests that the Court certify its July 11, 2022, order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay that portion of its order until the Ninth Circuit Court of Appeals decides whether to permit her to take an interlocutory appeal.

IV. CONCLUSION

In light of the foregoing, Defendant Gayle Canton respectfully requests that the Court grant her relief under Rule 60(b)(1) and modify its order accordingly. In the alternative, she requests that the Court grant leave for Defendant Gayle Canton to file a Motion for Reconsideration according to Civil Local Rule 7-9(a). In the interim, Defendant Gayle Canton requests that the Court temporarily stay its July 11, 2022, order until this motion is resolved.

DATE: July 15, 2022

FOREMAN & BRASSO

_____
Ronald D. Foreman, Esq.
Attorneys for Defendant
Gayle Canton