UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., <br><br>          Plaintiff, <br><br>    v. <br><br>JAMES CANTON, et al., <br><br>          Defendants. | Case No. 20-cv-01207-DMR <br><br>**ORDER ON MOTION FOR RECONSIDERATION** <br><br>Re: Dkt. Nos. 159, 162 |

On July 15, 2022, Defendant Gayle Canton ("G. Canton") filed a Rule 60(b)(1) motion for relief from the July 11, 2022 order compelling her to produce financial statements and communications between her and Defendant James Canton ("J. Canton"), and to file declarations describing her and her counsel's search and production of documents by July 25, 2022. [Docket Nos. 156 ("Order"), 159.] In the alternative, she moves for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(a). She also moves for a stay of the Order and certification of the portion of it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Subsequently, on July 21, 2022, G. Canton filed a unilateral letter moving to extend the deadline for her production. [Docket No. 162.]

## I. LEGAL STANDARDS

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). The rule "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chem. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.

1977)). "Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." *Kemp v. United States*, 142 S. Ct. at 1861. "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Id.* at 1861-62. However, "a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Before final judgment is entered, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). "An interlocutory order is as "an order that relates to some intermediate matter in the case; any order other than a final order." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 2438645, at *2 (N.D. Cal. June 6, 2017) (quoting *Black's Law Dictionary* (10th ed. 2014)). To move for reconsideration under Civil Local Rule 7-9(a), the party must show "reasonable diligence" and one of three grounds:

> (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought;
> (2) the emergence of new material facts or a change of law; or
> (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.

Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)). The court also maintains an "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

2

## II. MOTION FOR RECONSIDERATION

As the Order was an interlocutory discovery order issued before final judgment was rendered, Civil Local Rule 7-9(a) governs G. Canton's request for reconsideration.[1]

G. Canton asserts that the court committed "several mistakes of fact" that warrant reconsideration of the Order.[2] The court construes her argument as arising under Civil Local Rule 7-9(b)(3) seeking reconsideration due to a "manifest failure by the court to consider material facts or dispositive legal arguments." Specifically, G. Canton contends that (1) the court never ordered her to produce a sampling of documents; (2) the emails produced by J. Canton are irrelevant to any claims of commingling of assets between her and J. Canton; (3) it is undisputed that she has received a salary from Defendant Institute for Global Futures ("IGF"); (4) the fact that J. Canton has occasionally paid for her travel expenses is not a basis to require her to produce her financial statements; and (5) production in accordance with the protective order in this case is insufficient to protect her privacy interests. She also contends that submission of the required declarations on her document search and production efforts violates attorney-client privilege. In support of her motion, G. Canton proffers an affidavit from her attorney with exhibits. *See* Declaration of Ian Hansen ("Hansen Decl.") [Docket No. 159-2.]

G. Canton could and should have raised all of these arguments in the joint discovery letter that led to the Order she now seeks to revisit. [Docket No. 149.] The court is not obligated to consider them. *See Marlyn*, 571 F.3d at 880; *see also* Civ. L.R. 7-9(b)(3) (moving party must show court's manifest failure "to consider material facts *which were presented to the Court before such interlocutory order*" (emphasis added).) Plaintiff plainly stated its positions in the joint discovery letter. G. Canton could have responded to Plaintiff's specific positions but did not.[3]

---

[1] She also argues for reconsideration under the "mistake" prong of Rule 60(b). Her motion fails to satisfy the high standards for reconsideration under both Civil Local Rule 7-9 and Rule 60.

[2] G. Canton's citation to *Kemp* is inapposite, as the Supreme Court addressed "legal errors made by judges." *Kemp*, 142 S. Ct. at 1862. G. Canton does not point to any purported errors of law in the Order.

[3] Under the court's standing order, a party can also seek leave to submit exhibits with a joint discovery letter. Standing Order at ¶ 14.

3

Even if the court were to consider G. Canton's late arguments and evidence, they do not change the outcome. First, the court previously ordered that "[w]ith respect to other financial documents, such as credit card and bank account statements, the parties shall immediately meet and confer and attempt to reach a resolution consistent with the guidance given in today's hearing." [Docket No. 88.] While the court acknowledges that the language in the Order was imprecise,[4] the meet and confer process mandated by the court led to the parties' agreement to produce the initial sampling—a fact that G. Canton admits in the joint discovery letter. [Docket No. 149 at 4.] The purpose of the sampling was to provide an initial view into Defendants' finances to evaluate whether a more substantial production was justified. Just as the court determined with respect to J. Canton's initial production (Docket No. 137), G. Canton's sampling also provides indications of intermingled financial transactions that justify full production.

Second, the May 24, 2016 email relates to the Cantons' marital separation, which is at the heart of the allegations in this case. Hansen Decl. Ex. A. The email is from one of the Canton's divorce attorneys and declares that "[s]ince the parties *intend to continue operating as an economic unit as they always have* why can't we agree that each will support the children while in his or her care . . . ." *Id.* (emphasis added). The plain language contradicts G. Canton's bald assertion that the email "proves that Gayle and James intended to live separately." The statement is probative of how Defendants were planning to allocate their resources after their divorce. It is relevant to Plaintiff's theory that Defendants improperly manipulated J. Canton's assets to facilitate his ability to avoid paying the judgment in the underlying action.

Third, G. Canton does not dispute that she now receives a salary from IGF. [Docket No. 149 at 4.] While that information is not new, it is nevertheless relevant to the claims in this case.

Fourth, the fact that the travel expenses appear on J. Canton's bank statements and not on G. Canton's statements is beside the point. The fact that he paid expenses for her after the divorce suggests that they may be continuing to operate as a single economic unit; again, this justifies a

---

[4] "These documents show that the initial sampling that the court ordered is not enough, and that full production is warranted." Order at 2.

4

deeper look into her financial situation.

Fifth, the court previously found that G. Canton's privacy interests are adequately addressed by the protective order. These protections are sufficient to safeguard her privacy with respect to Plaintiff. G. Canton is therefore ordered to produce her responsive documents to Plaintiff without delay, subject to the protective order. For the first time, she now raises concerns about the privacy of her documents with respect to the other Defendants. If she has a meaningful concern about this issue, the parties should meet and confer to determine if they need to amend the protective order to add a mechanism designed to address this concern before G. Canton produces the documents to J. Canton and IGF.

Finally, with respect to the portion of the Order requiring submission of declarations detailing G. Canton's document preservation and search efforts, G. Canton's submission includes a declaration from her counsel Ian Hansen that he sent to Plaintiff on May 27, 2022. Hansen Decl. ¶ 5, Ex. D. The court was not aware of the existence of Hansen's declaration.

Having reviewed the declaration, the court stays that portion of the Order pending the submission and consideration of supplemental materials. Plaintiff shall file a letter not to exceed 2 pages by Friday, **July 29, 2022** that explains whether Hansen's May 27, 2022 declaration filed at Docket No. 159-2 is sufficient. If it is insufficient, Plaintiff must justify an additional declaration and address G. Canton's privilege concerns. G. Canton may file a response not to exceed 2 pages by Wednesday, **August 3, 2022.**

## III. REQUEST FOR EXTENSION

G. Canton's unilateral letter and accompanying declaration explains some difficulties she has experienced in acquiring financial statements from her various financial institutions. She requests a two-week extension from the July 25, 2022 deadline to comply with the Order. She also asks that she be allowed to provide the production in a single batch. G. Canton represents that Plaintiff is amenable to an extension as long as she provides a rolling production of documents.

G. Canton's request for a two-week extension is granted. In light of the looming discovery deadlines, the court orders that G. Canton must produce all of her financial statements to Plaintiff

on a rolling basis promptly upon receiving the documents from her financial institutions. On **August 1, 2022**, G. Canton must file an interim declaration that specifies what documents she has received from which accounts and financial institutions, when she received them, when she produced them to Plaintiff, and what documents remain outstanding. She must complete the production by **August 8, 2022**. On **August 8, 2022**, G. Canton shall file a final declaration detailing the total production of financial statements and certifying that production is complete.

## IV. CONCLUSION

For the foregoing reasons, G. Canton's motion for leave to seek reconsideration is granted with respect to the portion of the Order regarding declarations on production and preservation. That portion of the Order is stayed pending a further ruling after submission of supplemental materials in accordance with the instructions above. The motion is denied on all other bases.

G. Canton's request for an extension to comply with the Order is granted in part and denied in part in accordance with the instructions above.

This order disposes of Docket Nos. 159 and 162.

**IT IS SO ORDERED.**

Dated: July 25, 2022

Donna M. Ryu
United States Magistrate Judge